```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TYRONE GREEN,                    :
            Petitioner,          :   CIVIL ACTION
                                 :
      v.                         :
                                 :
SUPERINTENDENT GRACE, et al.,    :
            Respondents          :   NO. 06-1002
```

ORDER

AND NOW, this 7th day of July, 2006, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, the petitioner's Supplemental Brief and Memorandum of Law, the respondents' answer and the petitioner's response, and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter (Docket No. 13) and the petitioner's objections thereto, IT IS HEREBY ORDERED that:

1. The petitioner's objections are OVERRULED.

2. The Report and Recommendation is APPROVED AND ADOPTED.

3. The Petition for Writ of Habeas Corpus is DENIED AND DISMISSED without prejudice for a failure to obtain authorization from the Court of Appeals to file a second or successive petition.

4. There is no basis for the issuance of a certificate of appealability.

The report and recommendation concluded that the petitioner's claims must be dismissed because they constitute a

second or successive habeas petition and that they cannot be considered on the merits unless the Court of Appeals grants the petitioner permission to file second or successive petition.  In his objections to the report and recommendation, the petitioner asserts that his instant habeas petition should not be considered a second or successive petition because he filed it following the dismissal of a prior petition for a failure to exhaust state court remedies.

In the petitioner's initial habeas petition, he raised seven claims for relief.  In a report and recommendation that was approved and adopted by the Court, Magistrate Judge Diane Welsh denied six of the petitioner's claims on the merits and held that the remaining claim was procedurally defaulted because the petitioner had not exhausted that claim in the state courts and could no longer exhaust that claim.  The one claim that was found to be procedurally defaulted was a claim of prosecutorial misconduct in connection with some pictures of the victim that were shown to the jury at the petitioner's state trial.

As an initial matter, the petitioner is correct that when a prior habeas claim is dismissed without prejudice for a failure to exhaust state remedies, a petitioner may raise that claim again before a district court without authorization from the Court of Appeals as if it were the first such filing.  Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997).  Furthermore,

in his instant petition, some of the petitioner's claims do reference the allegedly prejudicial photographs that formed the basis of the petitioner's prior claim that was found to be unexhausted.  That said, the petitioner's prior claim was not dismissed as unexhausted, but instead was found to be procedurally defaulted because the petitioner had not exhausted his claim and would no longer be able to exhaust his claim.

This distinction is important.  Although a claim that was previously found to be unexhausted is not considered to be a second or successive habeas petition if it is raised again, when a claim is dismissed as procedurally defaulted, that is treated as a dismissal on the merits and a petitioner must seek permission from the Court of Appeals to file a second or successive petition before a district court can consider the claim.  See, e.g., Carter v. United States, 150 F.3d 202, 205-06 (2d Cir. 1998).

Because the petitioner filed a prior habeas petition and his claims were denied on the merits, the Court cannot consider the petitioner's instant petition unless he receives permission from the United States Court of Appeals for the Third Circuit to file a second or successive habeas petition.

BY THE COURT:


/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.